UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Index No.: 12-CV-00444
KAREN FERRIS, AS ADMINISTRATRIX
OF THE ESTATE OF EUGENE FERRIS,
AND KAREN FERRIS, INDIVIDUALLY,                **FIRST AMENDED**
                                                                          **COMPLAINT**
            Plaintiff,

UNITED STATES OF AMERICA,

            Defendant.
------------------------------------------------------------X

Plaintiff, KAREN FERRIS, as Administratrix of the Estate of EUGENE FERRIS, and KAREN FERRIS, individually, respectfully shows to this court and alleges:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant hereto, the Plaintiff, KAREN FERRIS, was the wife of decedent, EUGENE FERRIS.

2. The Plaintiff, KAREN FERRIS, was duly granted Letters of Administration on September 23, 2009 by the Honorable Diana A. Johnson, Surrogate, Kings County, State of New York.

3. Plaintiff timely filed notice of claim with the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act, and said agency acknowledged receipt on June 13, 2011. See copy of Letter from U.S. Department of Justice, Federal Bureau of Prisons, Northeast Regional Office, attached hereto as **Exhibit A**.

4. On December 9, 2011, the Federal Bureau of Prisons contacted Plaintiff's counsel in to alert same that that there would be no offer of settlement, and that Plaintiff's counsel had six (6) months as of the date of the writing to bring an action against the

1

United States. See Second Letter from U.S. Department of Justice, Federal Bureau of Prisons, Northeast Regional Office, attached hereto as **Exhibit B**.

5. At all times relevant herein, Administratrix of the Estate of EUGENE FERRIS, KAREN FERRIS, was a resident of the County of Queens, State of New York.

6. Upon information and belief, at all times mentioned, the Metropolitan Detention Center ("MDC") was a facility under the control of the Federal Bureau of Prisons and United States Department of Justice, an agency of the Defendant herein, and was located at 80 29th Street, Brooklyn, NY.

## AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, FOR THE WRONGFUL DEATH OF EUGENE FERRIS

7. Upon information and belief, on or about October 1, 2008, EUGENE FERRIS became a resident of MDC pending the outcome of his open case in the Eastern District of New York.

8. In or about December 2009, EUGENE FERRIS, who was severely depressed, attempted suicide—a fact well known to the Defendant.

9. In or about April 2009, as a result of MR. FERRIS'S unfortunate suicide attempt, EUGENE FERRIS was moved from general population residency to the medical ward for constant supervision, which was to include among other protections, constant supervision, particularly with respect to supervising and administering EUGENE FERRIS'S anti-depressant medication (Bupropion).

10. Upon information and belief, during said period, MR. FERRIS, ceased taking, and began stockpiling, the Bupropion prescribed for him by MDC medical personnel.

11. On or about June 13, 2009, MR. FERRIS was in the medical ward, inexcusably unsupervised, in the vicinity of hazardous and dangerous equipment, and in particular, the aforementioned stockpiled Bupropion.

12. Consequently, through the negligence, recklessness and/or willful misconduct of the Defendant, EUGENE FERRIS was allowed to swallow a lethal dose of Bupropion.

13. This tragic incident was directly and proximately caused by the negligence of the Defendant, their respective servants, agents, employee and independent contractors, in that the safety of EUGENE FERRIS was negligently maintained, supervised and controlled; in failing to properly and timely remedy the procedures in place for supervising patient's in the medical ward who have been deduced to be a danger to themselves; in creating and causing and allowing the dangerous and defective conditions to exist, namely allowing patients who have been deduced to be a danger to themselves to be surrounded by unfettered access to dangerous drugs, medications and equipment; in failing to inspect the premises wherein EUGENE FERRIS was placed; and in failing to make the aforesaid premises a safe place.

14. On or about June 13, 2009, EUGENE FERRIS died as a result of an acute Bupropion intoxication.

15. By reason of the foregoing, EUGENE FERRIS sustained severe and permanent personal injuries and suffered untimely death.

16. By reason of the foregoing, Plaintiff KAREN FERRIS, wife of the decedent, EUGENE FERRIS, has been irreparably damaged.

## AS TO A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, FOR LOSS OF CONSORTIUM

17. Plaintiff KAREN FERRIS repeats, reiterates and realleges each and every allegation that is contained herein in paragraphs "1" through "16" as if set forth in full herein.

18. By reason of the foregoing, Plaintiff KAREN FERRIS, has been deprived and will continue to be deprived of the services, care, comfort, consortium, love and support of her husband, EUGENE FERRIS, and has been irreparably damaged.

## AS TO A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, FOR NEGLIGENT HIRING AND RETENTION

19. Plaintiff KAREN FERRIS repeats, reiterates and realleges each and every allegation that is contained herein in paragraphs "1" through "16" as if set forth in full herein.

20. Defendant failed to assemble proper, experienced, trained medical teams to care for and render treatment to the decedent, EUGENE FERRIS.

21. The Defendant negligently granted privileges to medical and other personnel who rendered medical care and treatment to the decedent, EUGENE FERRIS.

22. The Defendant negligently hired and retained medical and other personnel who rendered care and treatment to the decedent, EUGENE FERRIS.

23. The Defendant failed to properly investigate and ascertain the qualifications credentials, background and skills of the medical and other personnel who rendered care and treatment to the decedent EUGENE FERRIS, to determine the fitness and level of skill and experience of such personnel in electing the care and treatment rendered to the decedent, EUGENE FERRIS.

24. The Defendant failed to keep, monitor, review, investigate, and consult logs of the medical and other personnel who rendered care and treatment to the decedent, EUGENE FERRIS, to determine the fitness and level of skill and experience of such personnel in electing the care and treatment rendered to the decedent EUGENE FERRIS.

25. The Defendant failed to properly and adequately supervise the medical and other personnel who rendered care and treatment to the decedent EUGENE FERRIS.

26. The Defendant failed to monitor the medical and other personnel who rendered care and treatment to the decedent EUGENE FERRIS for the purposes of evaluating the performance of said personnel, prior to granting them privileges and/or employing them.

27. As a result of the foregoing, the decedent EUGENE FERRIS sustained serious and severe personal injuries and an untimely death on June 13, 2009.

28. As a result of the foregoing, the Plaintiff KAREN FERRIS has been irreparably damaged.

## AS TO A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, FOR INADEQUATE STAFFING

29. Plaintiff KAREN FERRIS repeats, reiterates and realleges each and every allegation that is contained herein in paragraphs "1" through "16" as if set forth in full herein.

30. At all times herein mentioned, the medical facility in which the decedent EUGENE FERRIS was being supervised was inadequately staffed by personnel.

31. That as a result of the foregoing, the decedent EUGENE FERRIS sustained serious and severe personal injuries and an untimely death on June 13, 2009.

32. That as a result of the foregoing, the Plaintiff KAREN FERRIS has been irreparably damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, KAREN FERRIS, requests that this Honorable Court grant the following relief:

A. A judgment against Defendant United States of America for compensatory and non-economic damages in an amount the Court finds to be just, proper, and equitable;

B. A monetary award for attorneys fees and costs of this action;

C. Any other relief this Court finds to be just, proper, and equitable.

Dated:  New York, New York
       February 6, 2012

Respectfully Submitted By:

Andrew L. Hoffman, Esq.
EDNY Bar Code Number: AH9502
Of Counsel,
The Law Office of Jeffrey Chabrowe, P.C.
Attorney(s) for the Plaintiff
261 Madison Avenue, 12th FL
New York, NY 10016
T:  (212) 736-3935
E:  ahoffman@andrewhoffmanlaw.com

6

**EXHIBIT A**



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House*
*2nd & Chestnut Streets - 7th Floor*
*Philadelphia, PA. 19106*

July 11, 2011

Andrew L. Hoffman, Esq.
Law offices of Jeffrey Chabrowe
261 Madison Avenue
New York, NY 10016

Re: Administrative Claim Received June 13, 2011
    Filed on Behalf of Eugene Ferris
    Reg. No. 76865-053
    Claim No. TRT-NER-2011-04107

Dear Mr. Hoffman:

This will acknowledge receipt of the administrative claim you submitted on behalf of Eugene Ferris for alleged wrongful death while at the Metropolitan Detention Center Brooklyn on or about June 13, 2009.

Under the provisions of the applicable federal statutes, we have six months from the date of receipt to review, consider, and adjudicate your claim. In order for this office to properly evaluate this claim, you are required to submit all the information required by 28 C.F.R. §14.4(b).

All correspondence regarding this claim should be addressed to me at: Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Streets, Philadelphia, Pennsylvania 19106. If the circumstances surrounding this claim change in any fashion, you should contact me immediately.

Sincerely,

Henry J. Sadowski
Regional Counsel

**EXHIBIT B**



# U.S. Department of Justice

Federal Bureau of Prisons

*Northeast Regional Office*

Via Certified and Return-Receipt Mail
_____

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

December 9, 2011

Andrew L. Hoffman, Esq.
The Law Office of Jeffrey Chabrowe, P.C.
c/o The Law Offices of Andrew L. Hoffman, PLLC
261 Madison Avenue, 12th Floor
New York, NY   10016

RE:  Administrative Tort Claim No. TRT-NER-2011-04107

Dear Mr. Hoffman:

This is in response to the Administrative Tort Claim, No. TRT-NER-2011-04107, you filed on behalf of the Estate of Eugene Ferris, Reg. No. 76865-053, who died on June 13, 2009. This claim was received by this agency on June 13, 2011, and has been considered for settlement as provided by the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek damages in the amount of $5,000,000.00, for the alleged negligence of the United States claiming to result in the death of Mr. Ferris.

After careful review of this claim, I have decided not to offer a settlement in this matter. Although unfortunate, Mr. Ferris' death was not the result of any negligence, either in supervision or medical care, on the part of any Bureau of Prisons' employee. Accordingly, the claim is denied.

If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc: Duke Terrell, Warden, MDC Brooklyn